## MAUD Q. NIXON ET AL. v. CORA MALONE ET AL.

### Motion No. 1617. Decided January 23, 1907.

#### ON MOTION FOR REHEARING.

DUDLEY, CHIEF JUSTICE.—The New York Life Insurance Company, one of the defendants in error in this case, by their motion, asks us to grant a rehearing, or to reform the judgment heretofore rendered by this court in this case, so as to instruct the District Court of Caldwell County to permit the New York Life Insurance Company to have its right to attorney's fees and costs heard and adjudicated on the same footing as the Mutual Life Insurance Company of New York and the Mutual Benefit Insurance Company of Newark, New Jersey, other defendants in error herein.

All three of these insurance companies were before the Court of Civil Appeals, and the whole case was submitted to that court upon briefs of counsel for the respective parties. The Court of Civil Appeals reversed the whole case and remanded it to the District Court of Caldwell County, with instructions to try the cross actions of interpleader filed by the respective insurance companies, between the claimants, allowing each of the defendant companies to bring into court the $10,000 which it admits it owes, and to allow each of said companies reasonable attorney's fees and costs.

In the application to this court for a writ of error, there is no assignment of error, or objection raised to the action and judgment

of the Court of Civil Appeals in passing upon and determining the whole case.

In passing upon the questions presented in this case, this court, in its former opinion, said: "The substantial question involved in the main case to be determined by this court is whether the three insurance companies (naming them) who were made parties · to that suit by the Malones were entitled as defensive pleading to the remedy of interpleader sought by each of them." And we held as did the Court of Civil Appeals, that the District Court erred in sustaining the demurrer and exceptions to each of the interpleading answers of the defendant insurance companies, and dismissing them from the case. The judgment of this court heretofore rendered will simply be amended so as to show that the judgment reversing the case and remanding it to the District Court of Caldwell County for further proceedings in accordance with the instructions, includes the defendant in error, the New York Life Insurance Company, to the same extent as the other two insurance companies, Mutual Life Insurance Company of New York and Mutual Benefit Insurance Company of Newark, New Jersey.

The motions for rehearing are overruled in all things else.